## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **Alexander Harrison West**<br><br>**Plaintiff,**<br>**v.**<br><br>**PF Changs China Bistro**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:25-cv-150 DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the court are two Motions for Leave to Proceed in forma pauperis from pro se Plaintiff Alexander Harrison West.[1] The court finds the first Motion for Leave to Proceed in forma pauperis moot considering the second Amended Motion and that Motion is terminated.[2]

Plaintiff also filed two motions to amend his complaint following the court's Memorandum Decision and Order ordering the filing of an amended complaint.[3] These motions are duplicative of each other and seek to file an amended complaint that is a free form narrative. As such, the court will deny both and allow Plaintiff an additional opportunity to amend.

### BACKGROUND

Pro se Plaintiff Alexander West brings this matter alleging Defendant did not accommodate him, adjust his schedule, and retaliated in violation of the Americans with Disabilities Act. In his Complaint Plaintiff provides "I verbally asked for time off multiple times

---

[1] ECF No. 2, ECF No. 14.

[2] ECF No. 2.

[3] ECF No. 32, ECF No. 35.

I was not given time off. For example, my now deceased father gave his tickets to our neighbors. My own father has asked me to come as a tradition and such. I have been denied access to these games that my neighbors pay thousands of dollars each year."[4] In addition, Plaintiff has requested a "set schedule so it does not conflict with doctors appointments and other things that are very important."[5] Yet, Defendant has not made reasonable adjustments to its policies, procedures and practices, for which Plaintiff claims, they "will get in a lot of trouble … legally."[6]

Plaintiff also names certain individuals that presumably worked for Defendant. Ryan Bailey who "was extremely hostile" and made Plaintiff cry. Aaron Dryden and Jarod Montez who were "very disrespectful towards me and hostile." Plaintiff seeks $300,000 in compensation and punitive damages of $300,000 for the alleged legal violations.

In essence, Plaintiff asserts he has autism and PF Changs did not accommodate him. Attached to Plaintiff's Complaint is an exhibit consisting of 42 pages. The exhibit contains information on what autism is, AI documents outlining the need for those with autism to receive reasonable accommodations, and a variety of other articles on autism.

## DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* (IFP). Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

---

[4] Complaint at 2.

[5] *Id.*

[6] *Id.*

such relief."[7] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[8]

> Under Federal Rule of Civil Procedure 8,
>
> [a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.[9]

The Tenth Circuit has explained that compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[10] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[12] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as

---

[7] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[8] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[9] Fed. R. Civ. P. 8.

[10] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[11] *Id.*

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 557, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 662, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

to inform the defendants of the legal claims being asserted."[13]  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[14]

After reviewing Plaintiff's original Complaint liberally and the proposed Amended Complaints,[15] the court finds they each fail to meet the basic pleading requirements. The deficiencies include: (1) no Complaints are on the form complaint required by the court; (2) they name many defendants only in text, not in the Complaint's heading; and (3) they all fail to provide sufficient detail to link Defendants to retaliation or ADA claims. Plaintiff is again ordered to file an amended complaint that complies with the following. This need not be filed with a motion to amend as the court is already ordering Plaintiff to amend the original complaint.

**<u>AMENDMENT</u>**

Plaintiff should consider these general points before filing an Amended Complaint:

1. The Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. Any claims which are not realleged in the Amended Complaint will be deemed abandoned.[16]

2. The Amended Complaint must (a) "name every defendant in the caption of the amended complaint,"[17] and (b) must clearly state what each named Defendant did to violate

---

[13] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[14] *Twombly,* 550 U.S. at 555 (citation modified).

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *See Pierce v. Williams*, 2020 U.S. Dist. LEXIS 185074 at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect")); *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supersedes original complaint).

[17] *McKnight v. Douglas County Corr. Facility*, 2021 WL 2634431, at *3 n.1 (citing Fed. R. Civ. P. 10) ("He should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.").

4

Plaintiff's rights.[18] Plaintiff should identify each constitutional violation and include, as must as possible, specific dates when the alleged constitutional violations occurred.[19]

3. Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim.[20]

### **ORDER**

Consistent therewith, the Court now ORDERS as follows:

1. Plaintiff's First Motion to Proceed IFP is **MOOT**.[21]

2. Plaintiff's Motions to Amend are **DENIED** without prejudice.[22]

3. Plaintiff is **ORDERED** to file an Amended Complaint by **April 17, 2026.** The words "Amended Complaint" should appear in the caption of the document. No additional Amended Complaints are to be filed other than as ordered herein.

4. Once filed, the court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

5. Other than an Amended Complaint and court forms (for example, the email filing and electronic notification form for unrepresented parties and the consent to jurisdiction of a Magistrate Judge form), Plaintiff must not file any other

---

[18] *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation of each named defendant is required to state a civil rights claim).

[19] *Twombly*, 550 U.S. at 557 ("conclusory allegation[s]" without more are inadequate to "show illegality").

[20] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (noting the "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (citation modified).

[21] ECF NO. 2.

[22] ECF No. 32, ECF No. 35.

documents during the time the complaint is screened or until the court orders

otherwise. If Plaintiff files any other such documents, they will be lodged on the

docket and will not be addressed until screening of the Amended Complaint is

completed.

6.    Failure to file a timely Amended Complaint that comports with the above

requirements will result in dismissal of this action.

7.    Finally, Plaintiff is **ORDERED** to not email or call the Clerk's Office or

Chambers until the Amended Complaint is filed and reviewed by the court.

Plaintiff will receive notice via the docket once the Amended Complaint is

reviewed. Continually emailing and calling the Clerk's Office or Chambers does

not facilitate review of Plaintiff's case.

DATED this 24 March 2026.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

6