THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Alexander Harrison West,<br><br>                  Plaintiff,<br><br>v.<br><br>PF Changs China Bistro,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:25-cv-00150-DBP<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Alexander Harrison West's Amended Motion for Leave to Proceed *In Forma Paupers* (IFP).[1] For the reasons explained below, the court denies the Motion and dismisses this matter.

## **BACKGROUND**

Pro se Plaintiff Alexander West brings this matter alleging Defendant "PF Changs China Bistro had thrown things at me like objects and plates on January 10, 2025."[2] Mr. West claims he is a "disabled adult" and Defendant "used and abused their powers against [his] disability."[3] Plaintiff avers he has autism, which qualifies him as a disabled adult.

Plaintiff asserts Defendant failed to accommodate his desired work schedule, so Plaintiff could visit the doctor as he wished. In addition, Plaintiff claims Defendant's actions created a hostile work environment. For example, Plaintiff notes he was left alone on dishes with no help and could barely handle it. Given Defendant's actions, Plaintiff seeks $900,000 for disregarding his desired accommodation and $500,000 for the hostile work environment.

---

[1] Amended Motion for Leave to Proceed In Forma Pauperis (IFP Motion); ECF No. 14.

[2] Amended Complaint at 2, ECF No. 41.

[3] *Id.*

Procedurally, the court has provided Plaintiff multiple opportunities to file an amended complaint.[4] On March 31, 2026, Plaintiff filed an Amended Complaint in response to the court's order.

## **DISCUSSION**

Title 28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis*. Under the IFP statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[6] A complaint is frivolous "where it lacks an arguable basis" either in law or in fact.[7]

A Complaint must "state a claim to relief that is plausible on its face."[8] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] The court must first identify "the allegations in the complaint that are not entitled to the assumption of truth," including legal

---

[4] *See generally* Orders dated February 16, 2026, and March 24, 2026.

[5] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[6] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[7] *Neitzke*, 490 U.S. at 325 (citation modified).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Id.*

conclusions, bare assertions, or mere conclusory statements.[10] Then, the court must accept the remaining factual allegations as true "to determine if they plausibly suggest an entitlement to relief."[11] Plausibility does not require "detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do."[12] A complaint against multiple defendants must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her."[13]

Here, the Amended Complaint is a free form narrative without providing details as to who is allegedly to have done what to whom. Other than once mentioning a single individual in the HR Department, it provides no further names of any defendants. Instead, it is conclusory in nature stating that PF Changs Bistro threw things at Plaintiff violating the law. The court cannot accept bare assertions that a company threw things at plaintiff without more. Further, the court fails to find support for claims of a hostile work environment or a failure to accommodate. Alleging that one is alone on the dishes and did not get his preferred work schedule is not enough.[14] In sum, even in reviewing Plaintiff's Amended Complaint liberally,[15] the court finds it is wholly insufficient to state a claim for relief as it fails to meet basic pleading requirements.

---

[10] *Id.* at 680-81.

[11] *Id.* at 681.

[12] *Twombly*, 550 U.S. at 555 (citation modified).

[13] *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

[14] *See Ewing v. Doubletree DTWC, LLC*, 673 F. App'x 808, 812 (10th Cir. 2016) ("Plaintiff's hostile work environment claim under the ADA requires [him] 'to present evidence from which a rational jury could find that [his] workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the terms, conditions, or privileges of employment, and the harassment stemmed from disability-related animus.'") (citation omitted); *Swepson v. Aimbridge Emp. Corp.*, No. 6:23-CV-01040-HLT, 2024 WL 5008611, at *6 (D. Kan. Dec. 5, 2024), *aff'd sub nom. Swepson v. Aimbridge Emp. Serv. Cor*p., No. 25-3006, 2025 WL 2754457 (10th Cir. Sept. 29, 2025) ("A plaintiff establishes a prima facie claim of failure to accommodate by showing that (1) she was disabled; (2) she was otherwise qualified for the job; (3) she requested a plausibly reasonable accommodation; and (4) her employer refused to accommodate the disability.") (*citing Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020)).

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **CONCLUSION**

Having screened Mr. West's Amended Complaint, the court is unable to discern a viable legal claim. Accordingly, Plaintiff's Amended Motion to Proceed IFP is DENIED.[16] It is further ORDERED that this matter is dismissed. The Clerk of Court is directed to close this case.

DATED this 16 April 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[16] ECF No. 14.