THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Alexander Harrison West,<br><br>    Plaintiff,<br>v.<br><br>PF Changs China Bistro,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE AND MOTION TO REOPEN CASE<br><br>Case No. 1:25-cv-00150-DBP<br><br>Magistrate Judge Dustin B. Pead |

On April 16, 2026, the court entered a memorandum decision and order dismissing this case.[1] Before the court are Plaintiff's Motion to Vacate, and Motion to Reopen Case.[2] In support Plaintiff includes a Third Amended Complaint arguing it has merit. The court disagrees and denies the motions as set forth herein.

Plaintiff files his motions on a form citing Utah Rule of Civil Procedure 60(b)(1). This Rule allows a court to relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect".[3] Federal Rule of Civil Procedure 60(b)(1) uses the same "mistake, inadvertence, surprise, or excusable neglect" standard. This type of relief is "extraordinary because it sacrifices the preservation of finality in order to ensure justice is 'done in light of all the facts.'"[4]

---

[1] Memorandum Decision and Order dated April 16, 2026, ECF No. 47.

[2] ECF No. 49, ECF No. 50.

[3] Utah Rule of Civ. P. 60(b)(1).

[4] *Valentine v. Auto-Owners Ins.*, No. 2:22-CV-00815-RJS-CMR, 2024 WL 4068874, at *3 (D. Utah Sept. 5, 2024) (quoting *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) ("[Rule 60(b)(1)] is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.")) (quotation modified). *See also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (A mistake occurs "(1) [when] a party has made an excusable litigation mistake or an attorney in the litigation has acted without

Plaintiff asserts "I am asking the court to reinstate this lawsuit as this lawsuit has plenty of merit."[5] The court has reviewed Plaintiff's arguments and finds Plaintiff fails to meet the required standards under Rule 60. There is no "mistake, inadvertence, surprise, or excusable neglect" warranting reopening this case. Moreover, Plaintiff's Third Amended Complaint does not provide a basis to grant Plaintiff's requested relief.

## ORDER

Plaintiff's Motion to Vacate[6] and Motion to Reopen Case[7] are DENIED.

IT IS SO ORDERED.

DATED this 22 April 2026.

Dustin B. Pead
United States Magistrate Judge

---

authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.").

[5] Motion to Vacate Dismissal and Reinstate Civil Case at 2, ECF No. 49.

[6] ECF No. 49.

[7] ECF No. 50.

2